**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

———————————————

**No. 01-40296**

———————————————

**DONALD ALLEN WILDER,**

**Petitioner-Appellee,**

**versus**

**JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,**

**Respondent-Appellant.**

**Appeal from the United States District Court**
**for the Eastern District of Texas**

November 26, 2001

Before HIGGINBOTHAM, BARKSDALE, and STEWART, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

The district court having granted conditional habeas relief to Donald Wilder, at issue is whether his several evidentiary and ineffective assistance of counsel claims, made in varying forms during direct appeal and state habeas proceedings, can, for purposes of 28 U.S.C. § 2254(b)(1), exhaust a federal due process claim based on *Chambers v. Mississippi*, 410 U.S. 284 (1973) (holding due process precludes mechanistic application of hearsay rule to prevent criminal defendant's introduction of exculpatory third-party confessions when surrounding circumstances provide "considerable assurance of their reliability"). The State maintains: Wilder failed to exhaust his *Chambers* claim in Texas

state court; and, in the alternative, the district court, in ruling on the **Chambers** claim, failed to accord the state court's evidentiary ruling the deference required by federal habeas law, 28 U.S.C. § 2254(d)(1).  **VACATED and REMANDED with INSTRUCTIONS**.

                                    I.

Wilder was convicted of theft and murder in Texas state court. The events giving rise to the convictions began when Wilder, along with brothers Jerry and Jeffrey Furr, arrived in a pickup truck at the McEvers' property.  The men hooked the McEvers' flatbed trailer to the pickup truck, and one of them drove the McEvers' tractor onto the trailer.  Additionally, one of the men loaded a kerosene heater and door on the trailer.

Kay McEvers, along with her daughters and a family friend, witnessed part of the theft.  As the men departed in the pickup truck, trailer in tote, the daughters and friend pursued in an automobile along County Road 2205.  They could not keep pace with the pickup truck.

Further down Road 2205, the truck ran a stop sign and careened into an intersection, broadsiding another vehicle entering the intersection.  The driver of the second vehicle suffered massive injuries that caused her death.

The three men fled on foot from the scene of the accident but were soon apprehended.  Jerry Furr (Furr) was brought to Deputy Sheriff Johnson's vehicle, where he told the Deputy that his

brother, Jeffrey Furr, and Wilder did not know the trailer and tractor were being stolen.

At Wilder's trial in March 1995, defense counsel began questioning the Deputy about Furr's statement. The State objected on hearsay grounds. At a hearing, held outside the presence of the jury, on the admissibility of Furr's statement, Deputy Johnson testified:

> [Jerry] Furr said that he was the driver of the vehicle. He also stated that Donny Wilder and his brother [, Jeffrey Furr,] didn't know — didn't have anything to do with the theft of the tractor or the trailer; that they thought they were going to haul hay. They were just stopping to pick up the trailer and the tractor.

Defense counsel claimed the statement was excepted from the hearsay rule under TEX. R. CRIM. EVID. 803(1) (present sense impression) and 803(24) (statement against interest). In detailed findings of fact and conclusions of law, the trial court ruled instead that the statement: was not made while Furr was perceiving the event described or immediately thereafter, as required by Rule 803(1) for present sense impression; and was not clearly trustworthy, as required by Rule 803(24) in criminal cases for a statement against penal interest. Consequently, the State's objection was sustained.

Accordingly, Wilder's attorney attempted later to call Furr as a witness; Furr was in county jail awaiting trial. Outside the presence of the jury, counsel for Wilder admitted: he had spoken

3

to Furr's attorney — who was then out of state — about the possibility of Furr's testifying; and Furr's attorney had replied, "Not on your life; not without some immunity". It appeared certain that, if called as a witness, Furr would claim his Fifth Amendment right against self-incrimination. In the light of the absence of Furr's counsel, the court denied the request to call Furr. The trial proceeded, and the jury found Wilder guilty of theft and murder.

Wilder appealed his conviction to an intermediate court of appeals. He contended the trial court erred in: not allowing him to call Furr; denying a motion to grant Furr limited immunity to testify; and not admitting Furr's testimony as a statement against penal interest, pursuant to TEX. R. CRIM. EVID. 803(24). The intermediate appeals court affirmed in May 1997, ruling in part that the trial court had not abused its discretion in finding the statement not clearly trustworthy as required by Rule 803(24). That October, the Texas Court of Criminal Appeals refused discretionary review.

Wilder then filed a *pro se* application for state habeas relief. Among other issues, he raised ineffective assistance of counsel. The state habeas court (Wilder's former trial court) summarily recommended denial of the application. In February 1999, the Court of Criminal Appeals, however, remanded the ineffective assistance claim to the habeas court to take further evidence.

4

After the remand, but before the hearing, Wilder retained counsel and filed an amended habeas application. The habeas court conducted a hearing, made factual findings as to the ineffective assistance claim, concluded the application was without factual merit, and again recommended denial. That September, the Court of Criminal Appeals denied the application without written opinion. In so doing, the Court of Criminal Appeals did not mention the additional claims raised in Wilder's amended application.

The next month (October 1999), Wilder filed the present federal habeas application, presenting many of the claims presented in his amended state application. The matter was referred to a magistrate judge, who recommended dismissing the entire application without prejudice for failure to exhaust state remedies with respect to the claims first presented in the amended state habeas application.

The district court disagreed, ruling that Wilder had exhausted state remedies because: exhaustion requires only that the applicant *pursue* a claim for state habeas relief before seeking federal habeas relief; and the Court of Criminal Appeals had accepted Wilder's amended application. *Wilder v. Johnson*, No. 6:99-CV-606 (E.D. Tex. 12 Mar. 2001) (citing *Orman v. Cain*, 228 F.3d 616, 620 (5th Cir. 2000)). The district court concluded Wilder had "provide[d] the state courts with a fair opportunity to apply controlling legal principles to the facts bearing upon his

5

constitutional claim". *Id.* (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)) (internal quotations omitted; alteration in original). Accordingly, the district court considered the merits of Wilder's habeas application.

Implicitly holding Wilder's pursuit of the Rule 803(24) evidentiary claim on direct appeal served to exhaust a federal due process claim premised on the exclusion of Furr's statement, the court considered whether that exclusion violated *Chambers v. Mississippi*, 410 U.S. 284 (1973). *Chambers* held that due process precludes a mechanistic application of the hearsay rule to prevent a criminal defendant from introducing into evidence exculpatory third-party confessions when surrounding circumstances provide "considerable assurance of their reliability". *Id.* at 300-03. The district court held: the circumstances surrounding Furr's making the statement and Wilder's offering it at trial provided such assurance; the statement should have been admitted; and its exclusion prejudiced Wilder and had a substantial and injurious effect on the verdict.

Accordingly, the district court granted conditional habeas relief, ordering Wilder released unless the State retried him within 120 days. In the light of its *Chambers* ruling, the district court did not address Wilder's remaining claims. In May 2001, on motion of the State, the district court granted a stay pending appeal.

6

"We review a court's findings of fact on requests for habeas corpus relief for clear error and its rulings on issues of law *de novo*." ***Fairman v. Anderson***, 188 F.3d 635, 640 (5th Cir. 1999). While it is at least arguable that Wilder did not present the ***Chambers*** claim to the district court — that is, that the court considered it *sua sponte* — we will assume the claim, as discussed *infra*, was presented in his federal habeas application and limit our review to whether it was exhausted in state court.

Exhaustion is required by 28 U.S.C. § 2254(b)(1), which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
>
> (A) the applicant has exhausted the remedies available in the courts of the State....

Whether a federal habeas petitioner has exhausted state remedies is a question of law. *See* ***Whiteley v. Meacham***, 416 F.2d 36, 39 (10th Cir. 1969), *rev'd on other grounds sub nom.* ***Whiteley v. Warden, Wyoming State Penitentiary***, 401 U.S. 560 (1971); ***Rose v. Dickson***, 327 F.2d 27, 28 (9th Cir. 1964).

To exhaust, a petitioner "must have fairly presented the substance of his claim to the state courts". ***Nobles v. Johnson***, 127 F.3d 409, 420 (5th Cir. 1997) (citing ***Picard v. Connor***, 404

U.S. 270, 275-76 (1971)), *cert. denied*, 523 U.S. 1139 (1998). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." **Anderson v. Harless**, 459 U.S. 4, 6 (1982) (internal citation omitted). Indeed, "where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement". **Vela v. Estelle**, 708 F.2d 954, 958 n.5 (5th Cir. 1983), *cert. denied*, **McKaskle v. Vela**, 464 U.S. 1053 (1984).

## A.

Accordingly, did any of Wilder's state-court claims "fairly present[] the substance of" the **Chambers** issue in state court? Wilder's state-court claims concerning Furr's hearsay statement may be grouped in two categories: (1) that, under state law, the statement was admissible as a hearsay exception; and (2) that, under the Federal Constitution, he received ineffective assistance of counsel.

## 1.

Wilder maintained both at trial and on direct appeal that Furr's statement qualified as a hearsay exception. Those arguments were premised, however, exclusively on state-law grounds — Rules 803(1) and (24) at trial and Rule 803(24) on appeal. Indeed the legal authority cited in his brief on direct appeal is limited

8

almost exclusively to the Texas Rules of Evidence and a single Texas case: *Flix v. State*, 782 S.W.2d 1 (Tex. App.-Houston [14th Dist.] 1989, *pet. ref'd*). But, as noted, for purposes of exhaustion "[i]t is not enough ... that a somewhat similar state-law claim was made". *Harless*, 459 U.S. at 6.

Wilder did assert, in a blanket and conclusory statement at the end of the evidentiary argument of his brief on direct appeal to the intermediate appellate court: "The [trial] Court's ruling denied [Wilder] his right to a fair trial and due process of law as guaranteed him under the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. I, sec 10 Texas Constitution". This passing reference to the Constitution, however, did not exhaust a *Chambers* claim. The exhaustion requirement "reflects a policy of federal-state comity ... *designed to give the State an initial opportunity* to pass upon and correct alleged violations of its prisoners' federal rights". *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotations and citations omitted; emphasis added).

A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights. Moreover, to hold that vague references to such expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement.

9

Finally, even if, *arguendo*, the intermediate court of appeals was sufficiently alerted as to Wilder's alleged **Chambers** claim, the Court of Criminal Appeals was not. In the section of his petition for discretionary review concerning the alleged evidentiary error, Wilder makes no mention of **Chambers**, any other federal case law, or any constitutional protection. "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the *highest* state court." **Whitehead v. Johnson**, 157 F.3d 384, 387 (5th Cir. 1998) (emphasis added). Even if the due process and fair trial language at the end of Wilder's appellate brief sufficiently alerted the intermediate appellate court that Wilder was raising a **Chambers** claim, that language was omitted entirely in his submission to the state's highest criminal court.

2.

In short, Wilder's evidentiary contention on direct appeal failed to exhaust a **Chambers** claim. Remaining for our review is the exhaustive effect, if any, of his state-habeas ineffective assistance of counsel claims.

Wilder first raised an ineffective assistance claim in his *pro se* state habeas application, emphasizing his attorney's failure to interview or subpoena Furr. As noted, the trial court summarily recommended denial of habeas relief; the Court of Criminal Appeals remanded on the ineffective assistance claim; and before a hearing

10

was held, Wilder retained counsel and filed an amended application. In it, he claimed ineffective assistance because of, *inter alia*, his attorney's: (1) failure to subpoena Furr; (2) failure to request admission of Furr's statements on proper grounds; and (3) inability to call Furr as a witness. The first and second grounds involve ineffective assistance claims of the ***Strickland v. Washington*** stripe, 466 U.S. 668 (1984) (providing standard for evaluating ineffective assistance claim based on specified errors of counsel), while the third is of the ***United States v. Cronic*** variety, 466 U.S. 648 (1984) (acknowledging assistance may be rendered ineffective by surrounding circumstances, regardless of defense counsel's performance).

Wilder contends his ***Cronic*** claim, in conjunction with a single citation to ***Chambers*** in his ***Strickland*** failure-to-request-admission claim, served to fairly present a ***Chambers*** claim to the state habeas courts. He maintains that, "between the direct cite to ***Chambers***, a description of the excluded information, and a discussion of the impact of the oral statement's exclusion, there was enough information ... to alert the Court of Criminal Appeals".

In previous cases involving the exhaustion of multiple, distinct ineffective assistance claims, our court has treated each claim separately. For example, in ***Jones v. Jones***, 163 F.3d 285, 296-98 (5th Cir. 1998), *cert. denied*, 528 U.S. 895 (1999), we performed an independent exhaustion analysis for each of five

11

distinct ineffective assistance claims.  Moreover, where a habeas petitioner presents two separate claims disjunctively in state court, he cannot combine those claims in federal court to present a new issue and then insist that new issue has been exhausted.  *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990), *cert. denied*, 501 U.S. 1235 (1991).

Obviously, an ineffective assistance of counsel claim is distinct legally and logically from a *Chambers* claim.  The former is grounded in the Sixth Amendment's guarantee of "the Assistance of Counsel for [an accused's] defence", while the latter derives from general due process considerations.[1]  *See Cronic*, 466 U.S. at 654-55; *Chambers*, 410 U.S. at 294-95.  They differ on a mechanical level as well.  An ineffective assistance claim asserts that *defense counsel's* deficient performance — whether through his fault or by uncontrollable circumstance — deprived the defendant of a fair trial.  *See, e.g., Cronic*, 466 U.S. at 666.  A *Chambers* claim, in contrast, asserts that the *trial judge's* mechanical application of evidentiary rules deprived the defendant of his ability to mount a defense.  Drawing these distinctions is not splitting hairs; far from it.  Exhaustion "require[s] a state prisoner to present the

---

[1]Arguably *Chambers* derives also from, or at least reflects, the Sixth Amendment's Compulsory Process Clause.  *See Sharlow v. Israel*, 767 F.2d 373, 377 & n.10 (7th Cir. 1985) (applying *Chambers* analysis to Sixth Amendment compulsory process claim), *cert. denied, Sharlow v. Young*, 475 U.S. 1022 (1986).

12

state courts with the *same claim* he urges upon the federal courts".

***Picard***, 404 U.S. at 276 (emphasis added).

While Wilder did cite ***Chambers*** in his ***Strickland*** failure-to-request-admission claim, the purpose in so doing was to demonstrate an additional basis on which his trial counsel could have requested admission of Furr's statements. His amended state habeas application reads:

> Mr. Wilder asserts that he was denied *effective assistance of counsel* on the following grounds:
>
> ...
>
> 3. ***Failure to Request Admission of Jerry Furr's Oral and Written Statements on Proper Grounds***. Jerry Furr made an oral statement to the arresting officer that Donald Wilder was not involved and had no knowledge of the theft. Jerry also provided a written confession which completely incriminated him, and exonerated Mr. Wilder by failing to assign any blame or actions to him. The trial lawyer requested admission of these statements under Rule of Evidence 801(1) and 803(24). (R. vol. 3 at 7.) *These are proper requests, but did not go far enough*.
>
> *The statements were held admissible more than thirty years ago by the Supreme Court in* ***Chambers v. Mississippi***, 410 U.S. [2]84; 93 S. Ct. 1038 (1968). This case held that when a co-defendant makes incriminating statements which by their nature exonerate the defendant, and the co-defendant is otherwise unavailable, then the hearsay statements are admissible.
>
> The statements were also admissible because the State knew, although no one else did, that the State would seek to hold Mr. Wilder liable under a conspiracy theory....

13

(Emphasis added.)  Wilder's supporting memorandum pertained only "to the conspiracy aspects of the case".

Needless to say, that Wilder's counsel failed to raise all possible bases for seeking admission of Furr's statements is logically distinct from the basis for a *Chambers* claim.  Again, the basis for the latter is that the *trial court's exclusion* of hearsay evidence independently deprived Wilder of the due process right to present a defense.

B.

In sum, Wilder failed to exhaust a *Chambers* claim.  Along this line, the State asks us to find such a claim procedurally defaulted.  "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."  *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001).  Texas does significantly restrict successive habeas petitions, *see* TEX. CODE CRIM. PROC. art. 11.07, § 4; but, it permits consideration of a subsequent application in the following circumstance:

> Sec.  4.  (a)  [T]he  application  contains sufficient specific facts establishing that:
>
> ...
>
> (2) by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have

14

>     found the applicant guilty beyond a reasonable
>     doubt.

*Id.*

Because we are not convinced that, given the admission of Furr's confession exculpating Wilder, a reasonable jury could have found Wilder guilty beyond a reasonable doubt, the State should be allowed to make the procedural bar, *vel non*, determination. That is not to say that we believe Furr's statement should have been admitted; indeed, we make no ruling as to the merits of the *Chambers* claim. Rather, because it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of the *Chambers* claim, Texas courts should make that determination.

Accordingly, because Wilder failed to exhaust the *Chambers* claim, we vacate the conditional habeas relief and remand to the district court with instructions to dismiss Wilder's habeas application without prejudice.[2] Wilder may then, if he chooses, pursue a *Chambers* claim, along with any other unexhausted claims, in Texas state court. Should that court determine it can hear the *Chambers* or any other unexhausted claim, and should it still deny habeas relief, Wilder may then petition the district court to

---

[2]Because at least one of his claims is unexhausted, Wilder's habeas application is mixed. Normally, such mixed petitions must be dismissed. *See* **Rose v. Lundy**, 455 U.S. 509, 510 (1982); **Graham v. Johnson**, 168 F.3d 762, 777-78 (5th Cir. 1999), *cert. denied*, 529 U.S. 1097 (2000).

15

consider any properly exhausted claims.  (As noted, the district court ruled only on the *Chambers* claim.)

III.

For the foregoing reasons, the grant of conditional habeas relief is vacated, and this case is remanded to the district court for it to dismiss Wilder's habeas application without prejudice.

*VACATED AND REMANDED WITH INSTRUCTIONS*