REVISED NOVEMBER 15, 2007

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 05-50596
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 9, 2007

Charles R. Fulbruge III
Clerk

———

HECTOR LUIS MARTINEZ, JR

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT
OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION

Respondent-Appellee

———

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CV-48
USDC No. 6:03-CV-52

———

Before HIGGINBOTHAM, STEWART and OWEN, Circuit Judges.

PER CURIAM:[*]

Hector Luis Martinez, Jr., Texas prisoner # 1006536, was convicted by a jury of capital murder and was sentenced to life in prison. Martinez filed a 28 U.S.C. § 2254 application challenging his murder conviction.  A judge of this court  granted a certificate of appealability (COA) on the issue whether the district court erred by finding that Martinez failed to exhaust his state remedies on his claims that the jury instruction on reasonable doubt was faulty, that he was convicted by admission of a coerced confession, and that trial counsel was ineffective for failing to object to the prosecutorial misconduct. On appeal from the denial of a § 2254 application, this court reviews the district court's findings of fact for clear error and conclusions of law de novo.  Robertson v. Cain, 324 F.3d 297, 301 (5th Cir. 2003).

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.  Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998).  To have exhausted his state remedies, a petitioner "must have fairly presented the substance of his claim to the state courts."  Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir. 1997) (citing Picard v. Connor, 404 U.S. 270, 275-76 (1971)).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his state habeas application, Martinez asserted that the jury instruction on reasonable doubt was faulty and that it deprived him of a fair and impartial trial. Martinez argued that the instruction was redundant, confusing, and logically flawed. In his § 2254 application, Martinez argued that the reasonable doubt instruction was constitutionally deficient because it was redundant, confusing, and logically flawed. The district court found correctly that Martinez did not make specific citation to the Fifth and Fourteenth Amendments in his state court pleadings. Nevertheless, a reading of the two pleadings shows that they make the same complaint, that Martinez was denied a fair trial, and are based on the same factual allegations. This is not a case of Martinez making a technical argument based on state evidentiary law in state court and then arguing the same facts to show a constitutional violation in federal court. See Wilder v. Cockrell, 274 F.3d, 255, 259-60 (5th Cir. 2001).

On direct appeal, Martinez argued that his confession was inadmissable because he was not warned properly of his constitutional rights. Specifically, he asserted that erroneous advice given by the police officer, in addition to the required warning under Miranda v. Arizona, 384 U.S. 436 (1966), nullified the warning. In his § 2254 application, Martinez made the same argument. Although the district court found that the constitutional arguments made to the federal and state courts were different, both are based

on the same premise, that Martinez was questioned in violation of Miranda.

In his state habeas application, Martinez asserted that trial counsel was ineffective for failing to object to the prosecutorial misconduct. Martinez argued that counsel's performance was ineffective under Strickland v. Washington, 466 U.S. 668 (1984). In his § 2254 application, Martinez made the same argument.

Martinez's arguments in state and federal court on these points are substantially similar and the claims were presented fairly to the state courts. Martinez has shown that the district court erred by finding that he failed to exhaust his state remedies on his claims that the jury instruction on reasonable doubt was faulty, the he was convicted by admission of a coerced confession, and that trial counsel was ineffective for failing to object to the prosecutorial misconduct. The judgment of the district court is VACATED and the matter is REMANDED for consideration of Martinez's § 2254 application in the light of these three exhausted claims.

Martinez's motion for appointment of counsel on appeal is DENIED as unnecessary.