IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2008

Charles R. Fulbruge III
Clerk

No. 06-60592
Summary Calendar

TRACY HARRIS

Petitioner-Appellant

v.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:04-CV-266

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Tracy Harris, Mississippi prisoner # R9409, appeals from the district court's judgment denying him habeas corpus relief pursuant to 28 U.S.C. § 2254. Harris challenges his conviction of murder.

The district court determined that Harris's claims that he had received ineffective assistance of counsel were not exhausted in state court, would be procedurally barred if raised in state court, and therefore were procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred from being raised in federal court. We granted Harris a certificate of appealability on the issue whether his claims of ineffective assistance of counsel were not procedurally barred in state court because he had the same attorney at trial and on appeal.

Harris argues that counsel was ineffective for failing to request a balancing test pursuant to MISS. R. EVID. 403 as to the testimony of two witnesses. He discusses no other ineffective-assistance claims on appeal. Harris alleged facts relevant to his ineffective-assistance contention in his state application for postconviction relief; however, he did not contend that counsel was ineffective for failing to request a Rule 403 balancing test. Harris did not fairly present the substance of his ineffective-assistance claim to the state court. See Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001). He did not exhaust his state remedies as to that claim. See id. Harris's contention would be procedurally barred were he to raise it in a Mississippi state court, see MISS. CODE ANN. § 99-39-27(9); the district court did not err by holding it to be procedurally barred in federal court. See Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1996).

AFFIRMED.