# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 06-41159
Summary Calendar

BYRON DION WHEELER

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:05-CV-294

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Byron Dion Wheeler, Texas inmate # 1239892, appeals, pro se, the denial of his 28 U.S.C. § 2254 petition challenging his Texas conviction and sentence for unlawful possession of a firearm by a felon. Wheeler was granted a certificate of appealability (COA) by the district court on one issue: whether he received ineffective assistance of counsel when his trial counsel made tactical and strategic decisions without conducting a thorough investigation of the law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and facts relevant to plausible options. A district court's findings of fact on requests for habeas corpus relief are reviewed for clear error, its rulings on issues of law, de novo. E.g., Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001).

Wheeler maintains his counsel provided ineffective assistance by coercing him to plead guilty, despite the lack of an indictment. As this contention is not based on a failure to investigate and was not included in Wheeler's COA motion to the district court, a COA was not granted on the issue; therefore, we may not consider it. See Whitehead v. Johnson, 157 F.3d 384, 388 (5th Cir. 1998).

Wheeler also maintains: his counsel provided ineffective assistance by failing to investigate whether Wheeler's firearm possession was justified by necessity, and whether the firearm he possessed was a non-working weapon; and, the record lacks a transcript of his plea proceedings. Again, Wheeler's COA application did not encompass these issues; we may not consider them. Id.

Wheeler also maintains his counsel failed to adequately investigate the State's proof of Wheeler's underlying felony conviction. The district court denied this claim, which was raised in Wheeler's Federal Rule of Civil Procedure 59(e) motion following the denial of his § 2254 application. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." Smith v. Dretke, 422 F.3d 269, 275 (5th Cir. 2005) (citation omitted). "[W]here petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement". Wilder, 274 F.3d at 259 (internal quotation marks and citation omitted). Wheeler did not raise this theory of ineffective assistance of counsel in state court. See id. at 261.

In any event, Wheeler's assertion is unavailing, and we may affirm the district court's denial of habeas relief on the claim. See § 2254(b)(2); Miller v. Dretke, 431 F.3d 241, 245 (5th Cir. 2005); Mercadel v. Cain, 179 F.3d 271, 276 (5th Cir. 1999). Wheeler does not dispute his counsel confirmed the validity of his underlying conviction, and does not assert further investigation would have

uncovered information his counsel did not know already.  Wheeler also does not maintain he would not have pleaded guilty but for the level of his counsel's investigation into his underlying conviction.  Thus, he has not demonstrated as unreasonable the state habeas court's holding his counsel was not ineffective. See § 2254(d); Strickland v. Washington, 466 U.S. 668, 688-89 (1984); Hill v. Lockhart, 474 U.S. 52, 59 (1985).

AFFIRMED.