# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2011

No. 09-30715

Lyle W. Cayce
Clerk

JOSEPH SAM,

Petitioner - Appellant

v.

STATE OF LOUISIANA,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:08-CV-5064

Before KING, DEMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Petitioner–Appellant Joseph Sam was found guilty of possession with intent to distribute cocaine in Louisiana state court. Following an unsuccessful direct appeal and petition for state post-conviction relief, Sam filed a petition for habeas corpus in federal district court. The district court determined that Sam had not exhausted several of the grounds for relief in his petition and dismissed it without prejudice. This court granted Sam a certificate of appealability on three issues: (1) what claims Sam intended to raise in his habeas petition; (2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

whether those claims were exhausted; and (3) whether Sam was willing to delete his unexhausted claims from his petition. We conclude that Sam's petition presents an unexhausted claim, which he is not willing to delete, and AFFIRM the district court's judgment dismissing Sam's petition without prejudice.

## I. FACTUAL & PROCEDURAL BACKGROUND

After a bench trial in Louisiana state court, Joseph Sam was found guilty of possession with intent to distribute cocaine and sentenced to 25 years' imprisonment. His conviction was affirmed on direct appeal, and his writ to the Louisiana Supreme Court was denied without reasons.

On March 28, 2007, Sam filed a petition for post-conviction relief in Louisiana state court, asserting several claims of ineffective assistance of counsel and denial of due process for failure to receive evidentiary hearings during his criminal proceedings. The trial court denied his petition. Sam sought a supervisory writ from the Louisiana Court of Appeal, which the court of appeal granted in part because the trial court did not properly address Sam's claims that his trial counsel provided ineffective assistance for failing to argue that he was maliciously, vindictively, and selectively prosecuted. The court of appeal otherwise denied Sam's writ for his remaining ineffective assistance of counsel and due process claims. Sam sought a writ of certiorari from the Louisiana Supreme Court regarding his non-remanded ineffective assistance of counsel claims, which that court denied without reasons.

On remand, the trial court denied Sam's claim that counsel was ineffective in failing to argue that he was maliciously, vindictively, and selectively prosecuted. Sam again sought a supervisory writ from the Louisiana Court of Appeal, which was denied. He then sought a writ of certiorari on these claims from the Louisiana Supreme Court.

On December 8, 2008, Sam filed the instant habeas petition, which stated four grounds for relief: (1) his conviction was obtained by use of a coerced

No. 09-30715

confession from a confidential informant; (2) his conviction was obtained by use of evidence gained from an unconstitutional search and seizure; (3) his conviction was obtained by use of evidence pursuant to an unlawful arrest; and (4) his counsel was ineffective for failing to raise several issues before trial, during trial, and on direct appeal. The state opposed his petition, arguing that several of his claims had not been exhausted or were procedurally barred because they had not been presented to the state courts.

After filing his initial petition, Sam filed a Motion to Amend and Clarify his petition ("Amended Petition"). In the Amended Petition, Sam asserted only ineffective assistance of counsel claims and asked for an evidentiary hearing before the district court.[1] The magistrate judge granted Sam's motion, over the state's objection, and concluded that his Amended Petition did not explicitly withdraw any of the four claims listed in Sam's initial petition. Based on the initial petition and Sam's Amended Petition, the magistrate judge concluded that Sam had not exhausted the following claims: he had received ineffective assistance of counsel when counsel failed to argue the he had been maliciously, selectively, and vindictively prosecuted; he had been denied evidentiary hearings by the state courts; and the tip leading to his arrest was unreliable because it was coerced. Because Sam did not provide a basis for failing to exhaust those claims, the magistrate judge recommended that the district court dismiss his petition without prejudice.

Sam objected to the magistrate judge's report and recommendation on two grounds. First, he stated that the magistrate judge erred in recommending

---

[1] On appeal, Sam challenges the denial of an evidentiary hearing in the district court. Even read liberally, however, Sam's pleadings do not demonstrate how he has met the requirements set out in 28 U.S.C. § 2254(e)(2) for entitlement to an evidentiary hearing in a federal habeas corpus proceeding. *See Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000) (concluding that petitioner was not entitled to an evidentiary hearing because he "has not made a substantial showing of meeting the requirements set forth in § 2254(e)(2)").

No. 09-30715

dismissal on the basis of non-exhaustion of two claims Sam made in the initial petition that were not included in the Amended Petition.  Second, Sam argued that his claims for ineffective assistance of counsel for failing to argue malicious, selective, and vindictive prosecution had been exhausted in state court, and he noted that he had filed proof of his exhaustion in the form of an affidavit on the same day the magistrate judge issued his report and recommendation.  The district court considered Sam's objections and dismissed Sam's petition without prejudice.  The district court also denied Sam's request for a certificate of appealability ("COA").

We granted the COA, stating that reasonable jurists "could debate the district court's finding regarding which habeas claims Sam intended to raise" because some claims the magistrate judge found to be unexhausted were not listed in the report and recommendation as claims Sam raised.  Furthermore, we stated that reasonable jurists could disagree as to whether Sam had exhausted his claim that counsel was ineffective "for failing to argue that he was maliciously, vindictively, and selectively prosecuted."  Accordingly, we granted Sam's COA "with respect to which claims were intended to be raised by Sam," "whether those claims were exhausted," and "whether Sam was willing to delete any and all unexhausted claims from his request for federal habeas relief."

## II.  STANDARD OF REVIEW

"We review a court's findings of fact on requests for habeas corpus relief for clear error and its rulings on issues of law *de novo*."  *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (citation and internal quotation marks omitted).  "Whether a federal habeas petitioner has exhausted state remedies is a question of law reviewed *de novo*."  *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003).

4

## III.  DISCUSSION

### A.    Claims Raised in Sam's Habeas Petition

The only claims Sam asserts in his habeas petition are those that he included in his Amended Petition.  In his Amended Petition, Sam stated that he reread his petition and supporting memorandum and concluded that "he did not express his claims for relief clearly."  He asked the district court for permission to delete his initial brief and determine the merits of his habeas corpus petition based on his Amended Petition pursuant to Federal Rule of Civil Procedure 15. *See United States v. Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Rule 15 applies to federal habeas proceedings).  The magistrate judge granted Sam's motion, but also concluded that Sam still asserted several non-ineffective assistance of counsel claims because he had not explicitly withdrawn the form petition he initially filed.

This construction of Sam's claims was incorrect.  Sam's Amended Petition clearly stated that, after rereading his petition and noting that some of his claims had to be deleted as unexhausted, there was one category of error that entitled him to habeas corpus relief:  ineffective assistance of counsel.  His desire to have his Amended Petition control his claims is further borne out by the fact that he did not incorporate his initial petition into his Amended Petition and he objected to the magistrate judge's failure to delete claims asserted in his original petition.  Thus, the magistrate judge's report and recommendation erred to the extent it construed Sam's petition as including claims asserted in his initial petition that were not stated in his Amended Petition.  *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").  Sam's Amended Petition asserts the following ineffective assistance

of counsel claims:[2]

> (1)  His pre-trial counsel failed to challenge inconsistent testimony by a state agent regarding how a confidential informant tip was obtained;
>
> (2)  His pre-trial counsel failed to object to the use of a confidential informant's tip on the basis that it was unreliable because it was coerced;
>
> (3)  His pre-trial counsel failed to object to the use of a confidential informant's tip on the basis that it was unreliable because it was obtained at a pretextual traffic stop;
>
> (4)  His trial counsel failed to argue that he was being maliciously prosecuted in retaliation for an unrelated civil suit against the state's trial attorney;
>
> (5)  His trial counsel failed to argue that he was being vindictively prosecuted in retaliation for an unrelated civil suit against the state's trial attorney;
>
> (6)  His trial counsel failed to argue that he was being selectively prosecuted in retaliation for an unrelated civil suit against the state's trial attorney;
>
> (7)  His counsel on direct appeal failed to argue that the tip provided by the confidential informant, which led to his stop and arrest, was unreliable because it was coerced;
>
> (8)  His counsel on direct appeal failed to argue that the police officer's inconsistent testimony at the suppression hearing demonstrated that he did not have a proper basis for conducting a *Terry* frisk and the contraband seized was not subject to plain feel.

---

[2]  The magistrate judge's report and recommendation (and the state) read Sam's discussion of the state court's denial of his requests for an evidentiary hearing as a separate claim for habeas corpus relief.  It is not; rather, Sam's argument is that § 2254(e)'s presumption of correctness should not apply to the state courts' adjudication of his ineffective assistance of counsel claims because the state courts did not hold evidentiary hearings for those claims. *But see Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001) ("We . . . conclude that a full and fair hearing is not a prerequisite to the application of [§ 2254(e)'s] framework.").

## B.   Exhaustion of Sam's Habeas Claims[3]

Sam's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, a federal court may not grant a writ of habeas corpus "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999).  The petitioner must "afford the state court a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." *Bagwell v. Dretke*, 372 F.3d 748, 755 (5th Cir. 2004) (citation and internal quotation marks omitted).  A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted. *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).

The state has conceded that Sam has exhausted claim one, and has informed us that claims four, five, and six have been exhausted.  Accordingly, we need only address whether Sam's remaining claims—numbers two, three, seven, and eight—have been exhausted.  The state argues that Sam has failed to exhaust these claims in the Louisiana state courts.

*1. Claim Two: Counsel's Failure to Object to Confidential Informant's Tip as Unreliable Because It Was Coerced*

In Sam's Amended Petition, he claimed that counsel "fail[ed] to use . . . defense witness testimony from the motion to suppress," which purportedly "corroborated the petitioner's defense . . . that the state's confidential informant information was coerce[d]."  Sam raised this claim in his

---

[3] Although Sam reasserted his substantive claims in his opening brief and did not discuss exhaustion in his opening brief before this court, we do not deem the issue waived because he discussed exhaustion in his reply brief, his petition for COA, and in his objection to the magistrate judge's report and recommendation. *See Kittleson v. Dretke*, 426 F.3d 306, 315 n.20 (5th Cir. 2005).

petition for post-conviction relief in state court, alleging that counsel "failed to use a defense witness who was the driver in the alleged traffic stop . . . to impeach" the state witness's assertion that the confidential informant voluntarily contacted the police with the tip that led to Sam's stop and arrest. Although the phrasing of these claims is slightly different, the state courts had a fair opportunity to address the issue presented in his habeas petition. His state petition presented an identical legal issue with respect to the propriety of counsel's failure to properly challenge the state's use of an unreliable tip, and the facts underlying this claim have not changed from his state petition to his federal petition. Therefore, this claim has been exhausted.

2. *Claim Three: Counsel's Failure to Object to Confidential Informant's Tip as Unreliable Because It Was Obtained at a Pretextual Traffic Stop*

In district court, Sam argued for the first time that counsel's performance was deficient because he failed to object that the tip, in addition to being coerced, was also unreliable because the stop which led to the tip was a pretextual traffic stop. This new argument requires the evaluation of an entirely different legal theory for ineffective assistance of counsel and a new set of facts that were not before the state courts. Because the exhaustion requirement is "not satisfied if the petitioner presents new legal theories or factual claims in his federal habeas petition," *Anderson*, 338 F.3d at 386, Sam's claim three was not exhausted in state court and his habeas petition cannot be adjudicated in federal court, unless he consents to delete this claim, *see Rose v. Lundy*, 455 U.S. 509, 520 (1982).[4] In

---

[4] Sam incorrectly argues that he is excused from the exhaustion requirement because the state court's refusal to hold evidentiary hearings on his post-conviction relief claims would render exhaustion futile. We have previously stated that exhaustion is not required when " 'there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief.' " *Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)); *but see Jones v. Jones* 163 F.3d 285, 298–99 (5th Cir. 1998) (questioning *Duckworth*'s futility exception in habeas petitions governed by AEDPA). However, Louisiana law provided Sam with an adequate process to seek an evidentiary hearing on post-conviction relief, *see* LA. CODE CRIM.

his pleadings before this court, Sam has agreed to delete this claim from his petition for federal habeas relief. Therefore, his only claims for deficient performance of pre-trial counsel are claims one and two.

### 3. Claim Seven: Appellate Counsel's Failure to Argue Confidential Informant's Tip was Coerced on Direct Appeal

Sam clearly raised this claim before the trial court, the court of appeal, and in his writ application to the Louisiana Supreme Court, which denied his writ without reasons. Therefore, Sam has exhausted this claim.

### 4. Claim Eight: Appellate Counsel's Failure to Argue Police Officer's Testimony During Suppression Hearing was Inconsistent

A review of the state court record demonstrates that Sam has never presented this claim to any Louisiana court. In his motion for post-conviction relief, Sam's only challenge to his appellate counsel's performance was that he failed to challenge the reliability of the confidential informant's tip on direct appeal, which has an entirely different legal and factual basis from a claim that counsel was deficient for failing to challenge inconsistencies in the arresting officer's testimony. Accordingly, claim eight was not fairly presented to the Louisiana courts for purposes of exhaustion. *See Bagwell*, 372 F.3d at 755. Even if, as Sam claimed in his Amended Petition, Sam appealed the denial of his motion to suppress on the basis that the officer's testimony was inconsistent, he did not fairly present an ineffective assistance of counsel claim to the Louisiana courts on the same issue. *See Wilder*, 274 F.3d at 262 (concluding that a substantive claim raised on direct appeal was not exhausted because it was "legally distinct" from an ineffective assistance of counsel claim involving the same issue); *Thomas v. Collins*, 919 F.2d 333, 334–35 (5th Cir. 1990) (same). Unlike his pretext claim, Sam has not stated that he is willing to delete his

PROC. art. 930, and Sam does not otherwise challenge the state court's denial of an evidentiary hearing on this issue in his Amended Petition.

ineffective assistance of counsel claim on this issue.  Therefore, although most of Sam's claims have been exhausted, Sam's petition presents an unexhausted claim, and the district court may not address its merits.  *See Rose*, 455 U.S. at 520.

## IV.  CONCLUSION

Sam has not satisfied the exhaustion requirement for a habeas petition because he did not present all of the claims in his federal habeas petition to the Louisiana state courts.  He has not claimed any excuse for this deficiency, and he is not willing to delete the unexhausted claim.  Therefore, the judgment of the district court dismissing Sam's petition without prejudice is AFFIRMED.