Emanuel Vincent THOMAS,
Petitioner–Appellant,

v.

James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.

No. 90–1022.

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1990.

Rehearing Denied Jan. 25, 1991.

Robert J. Clary, Stanley R. Huller (Court-appointed), Dallas, Tex., for petitioner-appellant.

**334**

S. Michael Bozarth, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before GOLDBERG, KING, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

Appellant Thomas requests that the judgment and order of the district court be vacated and his application for writ of habeas corpus be granted. We affirm.

Thomas pleaded guilty to three charges. He was found guilty on two and received concurrent jail sentences. No finding of guilt was made on the third charge, and Thomas was placed on deferred adjudication probation. The convictions were appealed to and affirmed by the Texas Court of Criminal Appeals. Thomas then filed two unsuccessful petitions for writ of habeas corpus in state court. Thereafter, he filed a federal habeas corpus petition. A federal magistrate conducted an evidentiary hearing. At that hearing and in a post-hearing brief, Thomas claimed, among other things, that he was denied effective assistance of counsel on direct appeal because: (1) his attorney failed to argue that his guilty plea was invalid, and (2) the evidence supporting his conviction was insufficient based on the trial judge's failure to sign the stipulation regarding the evidence providing the factual basis for the guilty pleas.[1]

In its post-hearing brief, the state claimed that Thomas had raised these two issues for the first time before the magistrate. The magistrate agreed and recommended dismissal of Thomas's application for failure to exhaust state remedies. The district court followed that recommendation.

**Exhaustion of State Remedies**

It is well settled that a habeas petition must be dismissed if any issue has not been exhausted in the state courts. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Ex parte Royall*, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886); *Henson v. Estelle*, 641 F.2d 250 (5th Cir.), cert. denied, 454 U.S. 1056, 102 S.Ct. 603, 70 L.Ed.2d 593 (1981). In short, "the federal claim must be fairly presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In his habeas petition, filed pro se in state court, Thomas did argue that he received ineffective assistance of counsel. Specifically he argued that appellate counsel failed to give him timely notification of his right to file for discretionary review, thereby denying him the opportunity to allege insufficient evidence. Thomas also argued that he was denied due process of law because the trial judge failed to sign the stipulation of evidence forming the factual basis for his guilty plea pursuant to Article 1.15 of the Texas Code of Criminal Procedure.

Thomas admits that only later at the evidentiary hearing before the magistrate did he argue that he received ineffective assistance of counsel on appeal *because* counsel failed to assert, as a ground for appeal, the failure of the trial court to comply with Article 1.15 of the Texas Code of Criminal Procedure. He contends, however, that he presented the substance of his claim to the state courts and that this is sufficient to have exhausted state remedies. We disagree.

We note that although Thomas raised at the state level the issues of ineffective counsel and violation of Article 1.15, he raised them only disjunctively. By now combining these arguments, he places before us an issue not only previously unaddressed in the state courts, but also involving, we believe, a substantial state law

---

1. Article 1.15, V.A.C.C.P., provides that in order for a stipulation to be valid, the defendant's consent and waiver of rights must be approved by the court in writing. This provision has been interpreted to require that the judge's signature appear on the stipulation. *Lopez v. State*, 708 S.W.2d 446 (Tex.Cr.App.1986); *Clark v. State*, 657 S.W.2d 121 (Tex.Cr.App.1983).

question. The state court should have the opportunity to interpret the state's own law regarding the effect of a violation of Article 1.15 on a guilty plea.[2] Complete state remedy exhaustion is appropriate for the sake of comity and judicial efficiency. *Granberry v. Greer,* 481 U.S. 129, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). Thomas suggests that his case is similar to *Vela v. Estelle,* 708 F.2d 954 (5th Cir.1983), in which this Court was faced with the contention that a plaintiff's supplemental brief contained claims that the state habeas court had never had the opportunity to consider. Specifically, the plaintiff in *Vela* urged three errors in his state petition as grounds for a finding that counsel was ineffective, and later in his federal petition urged several additional grounds supporting his claim. We found that even the new allegations had been exhausted because the state habeas court evaluated counsel's performance on the basis of the record as a whole. Here, however, the record does not support a finding that the state court ever reviewed counsel's performance in light of the Article 1.15 violation.

### Waiver

 Alternatively, Thomas argues that the state waived the exhaustion requirement by adopting in a post-evidentiary hearing brief its previous motion for summary judgment, which had conceded exhaustion. A review of the record, however, demonstrates that the unexhausted grounds at issue were not raised until after Thomas's initial responsive pleading had been filed. Accordingly, we conclude that the state never waived the exhaustion requirement relating to Thomas's new allegations of ineffective counsel.

### Futility of Exhaustion

Finally Thomas argues that if the state remedies were not exhausted before, any attempt to raise these issues before the state court now would be futile. This assertion appears to be based solely on the fact that he has already filed two unsuccessful state writ applications. We do not find this argument compelling. Thomas's new claim relies on old facts but presents new theories not previously considered by the state court. Its conclusion will not necessarily be consistent with its previous views.

Accordingly, we AFFIRM.

---

**2.** See *Messer v. State,* 729 S.W.2d 694, 698–99 (Tex.Cr.App.1986) (en banc) (failure on the trial judge's part to sign a defendant's consent to stipulate evidence is grounds for reversal of a conviction). *But see Terry v. State,* 681 S.W.2d 136, 138–39 (Tex.App.1984) ("[A] judicial confes- sion is an equally acceptable method of providing sufficient evidence to sustain a conviction on a guilty plea." A signed stipulation of evidence is only one of a number of ways to support a guilty plea.)