IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60516
Summary Calendar
_____

LEE V. NELSON,

Plaintiff-Appellant,

v.

THE STATE OF MISSISSIPPI;
EDWARD HARGETT, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY,

Defendants- Appellees.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
(3:95-CV-538)
_____
January 8, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Mississippi Department of Corrections inmate Lee V. Nelson filed this § 1983 action and petition for habeas corpus, alleging due process defects in hearings in which his parole from an earlier conviction and the suspension of part of his sentence from a second conviction were revoked. The district court

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

dismissed the § 1983 action as frivolous and the habeas petition for failure to exhaust state remedies.  We affirm.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Lee V. Nelson ("Nelson") was convicted of burglary of a dwelling in New Orleans, Louisiana, in 1982.[1]  He was sentenced to a ten-year term of imprisonment, but was subsequently released on parole and transferred to the supervision of a parole officer in Forrest County, Mississippi.  In September 1989, he was arrested and charged with aggravated assault.  At a preliminary hearing on this charge, held on September 10, the hearing officer determined that there were reasonable grounds to believe that Nelson had violated his parole.  At a subsequent hearing, the Mississippi Department of Corrections ("MDOC") revoked Nelson's parole.[2]  Presumably, Nelson was then required to serve the remainder of his sentence for the 1982 burglary conviction.[3]

On or about April 1, 1990, Nelson entered a guilty plea on the aggravated assault charge in the Circuit Court of Forrest County, and was sentenced to a twelve-year term of imprisonment

---

[1]The record on appeal consists only of pleadings filed by Nelson and orders from the district court; the state did not participate.  Accordingly, the facts herein are those reported by Nelson.

[2]Nelson does not specify the date of this hearing.

[3]Under Mississippi law, "[i]n the event the [state parole] board shall revoke parole, the offender shall serve the remainder of the sentence originally imposed unless at a later date the board shall think it expedient to grant the offender a second parole."  Miss. Code Ann. § 47-7-27.

with five years suspended.  On April 19, 1990, the district
attorney filed a petition to impose the suspended sentence.
After a hearing, the circuit court revoked the suspension of
sentence and imposed the additional five-year term, so that
Nelson is now serving the full twelve-year sentence.

Nelson apparently has never directly appealed the
revocations of parole or suspension of sentence.  On December 9,
1991, however, Nelson filed a motion in the Mississippi circuit
court to vacate the portion of his sentence that had been
suspended and reimposed.  In this motion, he alleged that his due
process rights had been violated because of defects in the
hearing at which the circuit court revoked the suspension of
sentence.  Specifically, Nelson alleged that:  (1) the court
denied his request for assistance of counsel; (2) he was not
allowed to present evidence or witnesses; (3) he had not been
indicted on the charged crime of sexual battery;[4] (4) the court's
fact-finding procedures were inadequate; (5) the material facts
were not adequately developed at the hearing; and (6) he was
generally denied due process of law and subjected to cruel and
unusual punishment and double jeopardy.  Nelson also asserted in
this motion that the court had denied his request for parts of
the record of the revocation hearing.  In this regard, Nelson
noted that he would be able to supplement his motion with

---

[4]Nelson appears to imply that the court revoked five years
of his twelve year sentence because of Nelson's participation in
a sexual battery; however, Nelson does not elaborate on the
sexual battery charge elsewhere in his pleadings or brief.

specific facts once he received the pertinent records of the hearing.  According to Nelson, he has never received the records and the court has yet to rule on this motion.  On October 5, 1992, Nelson filed a petition with the Mississippi Supreme Court for a writ of mandamus to compel the circuit court to rule on his motion.  Nelson does not report the precise disposition of this petition, but states only that it was "ineffective."

Proceeding pro se and in forma pauperis, Nelson filed a complaint for damages pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of Mississippi on August 1, 1995.  Nelson sued the Superintendent of the Mississippi State Penitentiary at Parchman, Mississippi, and the State of Mississippi, alleging that the hearings in which his parole and suspension of sentence were revoked violated his due process rights.  With respect to the parole revocation, Nelson alleged that:  (1) the hearing was not held within two months of his arrest; (2) he was not given notice of the hearing; (3) the parole officer who reincarcerated Nelson after finding that he had violated his parole was also on the parole board that presided over the final revocation hearing; (4) he was denied effective assistance of counsel at the hearing; and (5) he was denied the opportunity to present and cross-examine witnesses at the hearing.  With respect to the revocation of the partial suspension of his sentence, Nelson reiterated the claims made in his state court motion to vacate the suspended sentence.  Along with his § 1983 complaint, Nelson attached a petition for habeas

4

corpus based on the same alleged deficiencies in the hearings revoking his parole and suspension of sentence.

After receiving Nelson's complaint, the district court ordered that the defendants not be served with any process or discovery requests. Accordingly, the state did not participate in the district court's proceedings. The court dismissed with prejudice Nelson's § 1983 claims as frivolous under Heck v. Humphrey, 114 S. Ct. 2364 (1994) and Jackson v. Vannoy, 49 F.3d 175 (5th Cir.), cert. denied, 116 S. Ct. 148 (1995), inasmuch as his claims called into the question the validity of a parole revocation proceeding, which Nelson failed to show was invalidated by a state court. The court dismissed without prejudice Nelson's habeas petition for failure to exhaust state remedies.[5]

---

[5]The district court's opinion discusses only the parole revocation hearing and does not mention the hearing in which the state court revoked the suspension of sentence. It is possible that the district court read Nelson's pleadings to mean that he was challenging only the parole revocation hearing or that the revocation of parole and suspension of sentence took place in the same hearing. Such a reading would be understandable, because Nelson's discursive pleadings often fail to distinguish the two proceedings. Nelson clarifies this point somewhat in his appellate brief. Also, Mississippi law appears to dictate that the proceedings be separate--revocation of parole is an action to be taken by the state parole board, Miss. Code Ann. § 47-7-27, whereas revocation of the suspension of a sentence must be done by a court, Miss. Code Ann. § 47-7-37.

## II.  DISCUSSION

### A.  § 1983 Claim

Nelson argues that the district court improperly treated his § 1983 complaint as a challenge to his conviction, when in fact he was challenging his parole revocation.  Also, Nelson contends that the district court should have provided him the opportunity to show cause why his claims should not be dismissed.  Finally, Nelson asserts that he brought the § 1983 action because the federal habeas remedy does not provide for recovering damages.

Under 28 U.S.C. § 1915(d), a district court can dismiss a complaint filed in forma pauperis if the complaint is frivolous.  Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).  A complaint is "`frivolous where it lacks an arguable basis either in law or in fact.'"  Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).  We review a § 1915(d) dismissal for an abuse of discretion.  Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993).

Claims alleging "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" cannot be brought under § 1983 unless that "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  Heck, 114 S. Ct. at 2372.  Otherwise, such a claim for damages is not cognizable under § 1983 and must be dismissed.  Id.  This rule

6

clearly applies to the imposition of a suspended sentence, and we have held that it also applies to the revocation of parole. Jackson, 49 F.3d at 177. Nelson makes no showing that either the revocation of his parole from his burglary sentence or the imposition of the suspended five-year sentence for aggravated assault has been declared invalid by any court. Accordingly, his § 1983 claim lacks an arguable basis in law, and the district court did not abuse its discretion when it dismissed the claim under § 1915(d).

## B.  Petition for Writ of Habeas Corpus

Nelson also argues that he sought to exhaust his state remedies as evidenced by his district court pleadings. Before a state prisoner may seek federal habeas relief, he must exhaust available state remedies. See 28 U.S.C. § 2254(b). Exhaustion generally requires only that the petitioner have fairly presented his federal claim to the highest court of the state, either on direct review or in a postconviction attack. Carter v. Estelle, 677 F.2d 427, 443 (5th Cir. 1982), cert. denied, 460 U.S. 1056 (1983). "[A] habeas petition must be dismissed if any issue has not been exhausted in the state courts." Thomas v. Collins, 919 F.2d 333, 334 (5th Cir. 1990), cert. denied, 501 U.S. 1235 (1991). Stated differently, if the petition contains both exhausted and unexhausted claims, the petition must be dismissed in toto. Rose v. Lundy, 455 U.S. 509, 522 (1982).

Nelson asserts the unlawfulness of the revocation of his parole as one ground in support of his habeas petition.  Nelson does not indicate that he has appealed the revocation of his parole.  Further, Nelson has not filed a motion for postconviction relief from the revocation of his parole, even though Mississippi law expressly provides him with a vehicle for doing so.[6]  Therefore, because Nelson has failed to exhaust his state remedies at least with respect to this claim, we hold that the district court correctly dismissed Nelson's petition for a writ of habeas corpus.[7]

---

[6]     Any prisoner in custody under sentence of a
        court of record of the state of Mississippi
        who claims . . . [t]hat his sentence has
        expired; his probation, <u>parole</u> or conditional
        release unlawfully revoked; or he is
        otherwise unlawfully held in custody . . .
        may file a motion to vacate, set aside or
        correct the judgment or sentence, or for an
        out-of-time appeal.

Miss. Code Ann. § 99-39-5(1)(g) (emphasis added).  Nelson
apparently may still bring such a motion, because the three-year
limitations period that ordinarily applies to motions for
postconviction relief does not apply to claims that a prisoner's
parole was unlawfully revoked.  Miss. Code Ann. § 99-39-5(2).

[7]Because we hold that Nelson has failed to exhaust his state
remedies with respect to the revocation of his parole from the
burglary conviction, we need not reach the issue of whether he
has exhausted his state remedies with respect to the revocation
of the partial suspension of his sentence for aggravated assault.
    We note, however, that it is unclear whether Nelson has
exhausted his remedies as to this latter claim.  Nelson
apparently has filed the requisite motion for postconviction
relief from this revocation, and has received no response from
the state circuit court.  Also, he apparently has received no
response from his request for a writ of mandamus to compel the
circuit court to act on this motion.  Generally, a habeas
petitioner will be excused from the exhaustion requirement if the
state unjustifiably delays action on his claims.  <u>Deters v.
Collins</u>, 985 F.2d 789, 795 (5th Cir. 1993).  Failure to exhaust

8

### III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

on such grounds will only be excused, however, if the delay is "wholly and completely the fault of the state." Id.

Where a habeas petitioner alleges delay as an excuse to the exhaustion requirement, as Nelson has done here, the petitioner bears the burden of demonstrating the excessive delay and of showing that he has not contributed to the delay. See id.; see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The district court may well have determined that Nelson failed to meet his burden in this regard. On one hand, Nelson stated in his postconviction relief motion that he would supplement the motion with more specific facts; failure to do so may have contributed to the circuit court's delay in acting on the motion. On the other hand, Nelson also indicated that he had been denied access to the court records that would have assisted him in pleading more specific facts. If Nelson refiles a habeas petition after exhausting his state remedies with respect to the parole revocation, the district court should consider the state's delay in acting on Nelson's motion in deciding whether Nelson has exhausted his state remedies with respect to his claim regarding the revocation of the partial suspension of his sentence.