January 1st, 2018

RE: Petition For discretionary Review
* part 1 of 2 process *

Dear Acosta;
"With All due Respect... I had to put this (PR) into two different U.S. Mailing envelopes to properly get it to you; to please file, process, and to Allow the legal proceedings to be fulfilled at Court of Criminal Appeals Accordingly to law and justice?"
Thank you so much!

Respectfully,

Rubin Crain III
#6020680660
%Dallas County Bureau #2002
P.O. Box 660334
Dallas, Texas #75266-0334
(469)508-1929 cellphone 24/7

C.C. RCIV                    page 1 of 2.

49,450-04
RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 05 2015
Abel Acosta, Clerk

In The
Court OF Criminal Appeals OF Texas
Capitol Station At Austin

No.#05-12-01219-CR

Rubin Crain IV, Appellant/Petitioner,

V.

The State OF Texas, Appellee/Respondent.

Article 811.07, Writ Application, Habeas Corpus
Pending At No.#WR-49,450-04

Writ No.#W12-54318-y (A)(b)

At the Criminal District Court No.#7
Dallas County, Texas
Trial Court CASE NO.#F12-54318-y

* Ex Parte Rubin Crain IV *

"Petition FOR Discretionary Review IN
Accordance With AN Extraordinary Writ
FOR AN Injunction To Dismissal"

Page 1 of 12.

C.C: RCIV

# Table of Contents

Table of Contents................................................... i.

Index of Authorities............................................... ii.

History of Case(s)................................................. 2.

Standard of Review................................................ 3./4.

Arguments......................................................... 4.

Statement of Issues to Review..................................... 5./6.

Summary........................................................... 6.

Petitioner's Allegations:

     Sec.(A.)....................................................... 7.

     Sec.(b.)....................................................... 7.

     (I.) Matter of law(s).......................................... 8.

     Sec.(C.)....................................................... 9.

     Sec.(d.)....................................................... 10.

     (II.) Matter of law(s)......................................... 11.

Conclusion........................................................ 11.

Unsworn Declaration............................................... 11.

Certificate of Service............................................ 12.

# Index of Authorities

**Rules And Statutes:**

Art. 31.03(f) Tex. Penal code............................................... 3.

Art. 11.07(3)(b) Tex. code Crim. Proc......................... 4.

Art. 3(2) United States Constitution Of America............. 5.

Art. 4(1) U.S.C.A................................................... 5.

Art. 12.01(2)(c) Tex. code Crim. Proc......................... 6./8.

Art. 12.01(4)(A) Tex. code Crim. Proc......................... 6./8.

Art. 11.07(3) And (5) Tex. code Crim. Proc.................. 9.

Art. 12.35(A) Tex. Penal code. Ann............................ 11.

Art. 12.425(b) Tex. Penal code. Ann........................... 11.

**Constitution And Laws:**

5th Amendment.................................................. 3.

8th Amendment.................................................. 4./9.

13th Amendment................................................ 4.

14th Amendment................................................ 4./9.

**Miscellaneous:**

court of Criminal Appeals Notice............................. 13.
         (see: Exhibit "**A.**")

28 U.S.C. § 2254............................................... 14.
         (see: Attachment (**I.**) 1-3 pages)

28 U.S.C. § 2254; And,

28 U.S.C. § 636(b) Special Order (3)........................ 15.
         (see: Attachment (**II.**) 1-3 pages)

To The Honorable Chief Justice And Magistrate Justice of Said Court of Criminal Appeals:

Comes Now, Rubin Crain IV, #12023660, files (pro se) a "petition for discretionary review" in accordance with an "extraordinary writ for an injunction to dismissal" pursuant to U.S.C.A.§Art.#3, Sec.(2) within the guidelines of due process' rights at the 5th, 8th, 13th, and 14th Amendments in accordance to security of constitutional and laws, as follows:

## (I.) History Of Case(s)

Petitioner was arrested and charged with offense: "Theft Of Material ~50% Alum./Brnze./Copper<$20k (Enh)" at Cause No.#F1254214 with a $50,000.⁰⁰ bond amount under the Service No.#0083297Z on April 7th, 2012 at 12:01pm. "On·or·About April 9th·Fil· May 11th, 2012 was hospitalized for a month and two days with two different operations of supervised medical treatment and care (See: Crain IV v. Menchaca, et al at Civil No.#3:12-CV-4063-L) at Parkland Health And Hospital Systems d/b/a Dallas County Hospital District while still in custody, the applicant received an extreme infection in the right index finger of the (MRSA) disease...thereupon, the (pièce de résistance) petitioner was subsequently charged with offense: "Burglary Of Building" with no bond at Cause No.#F1254318 under the Service No.#0083297Z

C.C. RCIV

(Id.) on April 10th, 2012 at 12:01 pm." Appellant was than convicted by a jury of the State Jail Felony offense (Burglary of Building)... whereas, the original charge of (theft of material) is still pending to present date; thus, in and of itself, the direct appeal was mandate on Sept. 5th, 2014 (See: CRAIN v. State, No. #05-12-01219-CR, 2014 Tex. App. Lexis 1150 (Tex. App.~Dallas, TX Sept. 5th, 2014)(not designated for publication).). Petitioner filed the required Habeas Corpus, writ application, under Article § 11.07, Sec. 3 (See: Exhibit "A") but which has been process according to a charge in case(s) proceedings, as Appealability, pursuant to Dallas County Records of Division (File) Report(s)... therefore, the adequate requests for due process in accordance to the rights' of dismissal; and remedies for relief.

## (II.) Standard of Review

Pursuant to the 5th Amendment provisions concerning adequate prosecution at due process of law that has been rendered a violation of "double jeopardy clause(s)" with deprivation accordingly to the two (2) different charging offenses' that the double dipping theory (Confederation nature) at Article § 31.03 (f) Tex. Penal Code as the original offense (Theft of Material) as a third degree felony with an enhancement attached in which is still presently pending two years and nine months to date, without been prosecuted nor properly or.

Page 3 of 12.                                    C.C.RCIV

legally indicted; thus, in and of itself, require the appropriate review and necessary investigation will prove the deprivation of every right of due process, that has violated every opportunity at parole, **MANDATORY SUPERVISION RELEASE**, or any other legal rights', at law and in equity, which is justly entitled within the construction ~~of~~ the constitutional; or, otherwise... wherewith, the subsequent offense (Burglary of Building) as a state jail felony without any enhancement attached. Nor giving any notice of intent (Id.) that's accordingly to the commission of the charging offense (Above) in which constitutes the 8th and 14th amendments' violation as well. Petitioner contends for a "de novo" review to be conducted (de jure) in accordance to overstep the 13th amendment violation that shall have an opportunity to the injunction for dismissal due to this extraordinary writ at a petition for discretionary fact findings and conclusions of law ... thereupon, the pending original application writ of Habeas Corpus' at **Article §11.07, Section 3(b)** in accordance with adequate findings, conclusions, and "_true_" recommendation (s) that will render relief.

(III.) Arguments And Authorities

Petitioner avers that the injunction for a dismissal is appropriately introduced due to the excessive amount

C.C. RCIV

of flat time (SERVED) of two years and the nine months on an offense that's not been entertained by the 'OPEN COURT ACT' in accordance to been prosecuted. NOR. indicted at U.S.C.A, Article 8 3, Sec. 2; and/or Article 8 4, Sec. 1 to enjoy such liberty rights at due process accordingly to the rightful 5th or 6th Amendments (ALONE) pursuant to the (Theft of Material) at cause no. #F1254214 of the casual connection of the TEXAS PENAL CODE and RULE OF EVIDENCE ~ guidelines has overstep the legislative intent(s), and Acts, that makes it excluded in nature and law in accordance to the TEXAS CODE OF CRIMINAL PROC. ... wherewith, the subsequent offense (BURGLARY OF Building) at cause no. #F1254318 that's incognito inference to the original offense (ABOVE) wherewhich has been prosecuted in accordance to law and justice of a ten year TDCJ*I.D. sentence/punishment by ineffective assistance of counsel of abusive tactics, and lack of objection to malice prosecution at trial as well as ineffective assistance of counsel (Id.) and further deprivate the due process rights at appeal according to (MODIFY/AFFIRM) the JUDGMENT (N/A) without applicants consent. NOR. acknowledgment of the malpractice disconnection, at law and in equity, which an illegal act. AND. admission to support the malice prosecution to collateral attack(s) of the two obtained enhancement offenses of a vested

C.C. RCV

jurisdiction (Venue) and statutory of limitation in accordance to Chapter 12, Article 12.01, Section 2(c) and Article 12.01, Section 4(A). "Although, will indicate the illegal obtain and usage of the 'State's notice of intent to enhance punishment range' with these prior felony convictions, that isn't properly alleged that prior to the commission of either offense set-out; herein, the petitioner was finally convicted of the felony offense of (Forgery) in the Criminal District Court Number #213 of Tarrant County, Texas, in Cause No.# 0658113D, on the 24th day of 1997 at January (season)... thereupon, the petitioner was said to be finally convicted of the felony offense of (Robbery by threat) in the Criminal District Court Number Two of Tarrant County, Texas, in Cause No.# 1067954D, on the 17th day of 2007 at May (season) in which "both" convictions was fulfilled day-for-day in accordance to the Judgment and sentencing agreement of law and justice (See: Ex-parte "Crain", Cause No.# WR-49,450-04 Court of Criminal Appeals, 2014 ~ Habeas Corpus, Jan. 19th, 2014, Tex. Crim. App. ~ Tr. Ct. No.# W12-54318-U (A)(b) As with direct appeal has been mandate with "final decree" on Sept. 5th, 2014", to wit:

(IV.) SUMMARY

Petitioner avers that an adequate writ application is pending and has been resubmitted in accordance

Page 6 of 12.

C. C. RCII

with Article § 11.07 Habeas Corpus, Dec. 18th, 2014; to Dallas County District Clerk by certified U.S. mail as required (SEE: Exhibit "A.") as well as the "Petition For Writ OF Mandamus With Written Order To Leave To File".... Regarding the genuine issue of subject*matter as matter of law and fact findings in accordance at following Section(s):

Section(a.) Applicant contends that 'double jeopardy' and a (BRANDY) violation has occurred due to lack of exculpatory evidence in nature and law that to convicting Court No. #7 failed to conduct fact finding proceedings at trial that counsel provided ineffective assistance in failing to make (STATE) constitutional objection to prosecutor's alleged invitation to the jury to consider the 'State's notice to enhance' without been on the face of the indictment. NOR potentially entitled to that information that violates the constitution and law as well as the actual "Article's" at Art. 12.01 (2)(c); and Art. 12.01 (4)(A), where States controverted, previously unresolved facts material to legality of petitioner's confinement; and requiring resolution:

Section (b.) Applicant contends that an 'ex post facto', and further 'double jeopardy' violation that render's ineffective assistance of counsel with abusive tactics, that failed to object to allegedly improper, inflammatory, and misleading; where trial court did not entered no factual findings. NOR conclusions of law to the

illegal obtained and/or implemented information pursuant to the barred ENHANCEMENTS in ACCORDANCE to the (Above) Article § 12.01, SEC. (2)(c); AND, Article § 12.01, SEC. (4)(A) of the Code of CRIMINAL PROCEDURE'S UNDER the Article § 12.425(b) of the TEXAS PENAL CODE. ANN, WHERE TRIAL COURT'S ERRONEOUS legal conclusion AND ABUSE(S) of it's discretion that violated the factual ISSUE'S AND MATTERS committed to the convicting court's discretion that could have REASONABLY REACHED the decision. OR. to determine whether the Alleged COLLATERAL Attack(S) CONSEQUENCE RESULTING to the controlling legal principles. At law and in equity, which are justly entitled UNDER SECURITY of the constitutional and due process Rights proceedings that relief in MANDAMUS would compel trial court to Address the "Court of INQUIRY", where motion WAS, IN SUBSTANCE (SEE: Petition FOR WRIT OF MANDAMUS w/written ORDER to LEAVE, Dallas County, TEXAS, DEC. 31ST, 2014, At CRIMINAL District COURT No. #7; AND pending in the Court of Appeals At Fifth District of TEXAS At Dallas, 2014 Id.); OVER which trial court lacked jurisdiction, and had no MINISTERIAL duty to rule on improperly ENHANCEMENTS of (FORGERY; NOR, the Robbery by threat) IN ACCORDANCE to Chapter 12 "LIMITATION AND VENUE" TEX. Code of CRIM. PROC. (SEE: CRAIN V. STATE, No. #WR-49,450-04, #2014 Court of CRIMINAL Appeals, NOV. 19th, 2014~ TEX. App.) pursuant to (EXPARTE "CRAIN'S" RESUBMITTED

C.C. RCIV

original writ of habeas corpus, Article §11.07 that's pending before the convicting court coexistence (Tex. App.-Dallas, Dec. 18th, 2014)... by which adequate relief sought, in proper channel's in accordance to this petition for discretionary review, according to injunction for dismissal, to an extraordinary writ to rectify "All" remedies for matter of law at grounds raised in application writ of habeas corpus of the Tex. Code of Criminal Procedure's for Article §11.07, Section (3) and (5).).

Section (c.) Applicant contends that many other violation and/or the depriving has occurred pursuant to the 8th and 14th Amendment rights of due process that constitute an adequate findings, conclusions, and recommendation (s) at the Federal Relief; once this Honorable Court of Criminal Appeals has exhaust the state level of review, remedies, and relief seeked to rectify the confinement of petitioner... wherewith, the fulfillment of ~~RCIV~~ appealability accordingly to the requested application (s) §22.53 and the §22.54 (s) (see: Crain IV v. Dallas County Sheriff, et al at Civil Case No. #3:14-cv-3711-L (BR) Oct. 16th, 2014, in the U.S. District Court of the Northern District at Dallas Division) and (see: Crain IV v. Dallas County Sheriff, et al at Civil Case No. #3:14-cv-0920-M (BN) that's enclosed as Attachment (I.)... therefore, the habeas applicant with the "Supervisory writ for review/

C.C. RCIV

January 1st, 2015

RE: Petition For discretionary Review
* part 2 of 2 process *

Dear Acosta;
"With all due respect.... I had to put the second part of the (PDR) into this different U.S. Mailing envelope to fulfill the proper filing, process, and all the legal proceedings that's require for the Court of Criminal Appeals accordingly to law and justice."
Your understanding and much needed assistance in which is so highly appreciated.... God bless!
Sincerely,

Rubin Crain IV #12023660
c/o Dallas County Bureau #2002
P.O. Box 660334
Dallas, Texas #75266-0334
(469) 508-1979 cellphone 24/7

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 05 2015
Abel Acosta, Clerk

C.C. RCIV                    page 2 of 2.

Supplement" in accordance at "Applicant's Motion for Amendment" to the resubmitted application of Article §11.07); thus, in and of itself, may attack the validity of a former final felony conviction under the "Criminal Code" even if it is; or not, currently confined as a result of that conviction, so long as applicant is in fact confined on some other offense and the former conviction has collateral adverse consequences as the demanding action beyond the statutory requirements accordingly to the enhancement(s) of limitations and venues that's established by the legislature of this "Act"; than became effective date (Sept. 1st, 2011), title (1.) code of Criminal Procedure pursuant to the (Forgery·And·Robbery by threat) prior convictions.

Section (d.) Applicant further contends that the collateral (Attacks) consequences has been executed by malice prosecution and abusive tactics due to the two unlawful enhancements obtainment and illegal usage that was inappropriately received in the middle of trial....Right after the "innocent and guilty" stage that rendered petitioner guilty; than the collateral adverse consequences of the "State's Notice to enhance" with the two barred offenses of a prior conviction for (Forgery) and/or (Robbery by threat) was presented (only) at the "punishment and sentencing"

C.C.RCⅡ

STAGE IN WHICH WASN'T NEVER PRESENTED TO THE GRAND JURY NOR WAS UPON THE FACE OF THE INDICTMENT; OR INFORMATION, THAT FORMED THE RESULTS TO ENHANCE THE PUNISHMENT RANGE FROM THE ARTICLE § 12.35(A) TO ARTICLE § 12.425(b). "IN ACCORDANCE THE CONTROVERSY OF THE CONSTITUTIONAL AND DUE PROCESS VIOLATION'S OF THE CONVICTION FOR CONFINEMENT IN WHICH SHALL GRANT THE RELIEF OF "DISMISSAL"... THEREUPON, REVIEWING THE RECORD(S) THE COURT SHALL ENTER ITS JUDGMENT OF ORDERING APPLICANT'S RELEASE, AS THE LAW AND FACTS MAY JUSTIFY THE "TRUE" FINDINGS OF FACTS AND CONCLUSIONS OF LAW THAT THE MANDATE OF THIS HONORABLE COURT SHALL ISSUE TO THE CONVICTING COURT ISSUING THE JUDGMENT "N/A" AND/OR WRIT, AS IN OTHER CRIMINAL CASE(S) THAT AFTER CONVICTION OF THE PROCEDURE(S) OUTLINED IN THIS "Act" SHALL BE EXCLUSIVE AND ANY OTHER PROCEEDINGS SHALL BE "VOID" AND OF "NO" FORCE AND EFFECT IN DISCHARGING THE PETITIONER FROM ALL LEGAL OBLIGATIONS; HEREBY, THIS "PETITION FOR DISCRETIONARY REVIEW" IN ACCORDANCE WITH AN EXTRAORDINARY WRIT ATTACH FOR AN INJUNCTION TO DISMISSAL; AND THE EXHAUST OF STATE REMEDIES."

## Conclusion

PETITIONER RESPECTFULLY PRAYS TO HAVE THIS "PETITION FOR DISCRETIONARY REVIEW" GRANTED, AT LAW AND IN EQUITY, WHICH IS JUSTLY ENTITLED ALL RELIEF; THEREIN". PURSUANT TO THE REVIEW AND FULL INVESTIGATION THE HONORABLE COURT WILL

C.C. RCIV

give latitude to the (PRO SE) litigator in favor to the findings of facts and conclusions of law that will become matter at law and justice.... whereas, applicant presents in "good faith", only."

Respectfully Submitted,

Rubin Crain IV

## UNSWORN DECLARATION

"I, herein swear under the penalty of perjury that the foregoing is true and correct.
Executed on 29th day of DECEMBER, 2014."

Sincerely,

Rubin Crain IV

## CERTIFICATE OF SERVICE

"I, hereby certify a copy of the foregoing has been U.S. mailed to the: Office of the Clerk: (Abel Acosta), to the court of CRIMINAL Appeals at Austin, Texas, to be properly filed, process, and Docket proceedings."

Respectfully,

Rubin Crain IV

C.C.RCIV

Exhibit "A."



**SHARON KELLER**
PRESIDING JUDGE

**LAWRENCE MEYERS**
**TOM PRICE**
**PAUL WOMACK**
**CHERYL JOHNSON**
**MIKE KEASLER**
**BARBARA P. HERVEY**
**CATHY COCHRAN**
**ELSA ALCALA**
JUDGES

# COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

**ABEL ACOSTA**
CLERK
(512) 463-1551

**SIAN SCHILHAB**
GENERAL COUNSEL
(512) 463-1600

November 25, 2014

Rubin Crain IV #12023660
Dallas County Bureau #2W02
P.O. Box 660334
Dallas, TX 75266-0334

RE: Trial Court Case #W1254318-Y:A = (ReSubmitted At No.# W1254318-Y:B)

Dear Mr. Crain:

We are returning this writ application because it does not comply with Article 11.07, Section 3(b) of the Code of Criminal Procedure.

A writ seeking relief from a final felony conviction under Code of Criminal Procedure Article 11.07 must be on the prescribed form and *must be filed with the District Clerk in the county of the conviction.* The District Clerk will then prepare a record and transmit to the Court of Criminal Appeals.

Sincerely,

Abel Acosta, Clerk

P.S. "Subsequent Application Art. 11.07, Sec. 4(c) pursuant to subsection (A)(1) and (2) At ReSubmitted case No. # W12-54318-4(b) in Accordance to # W12-54318-4(A)"

AA/vj
Enclosure

c.c. RC II

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN, IV, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-920-M-BN |
| | § | |
| DALLAS COUNTY SHERIFF, ET AL., | § | |
| | § | |
| Respondents. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Rubin Crain, IV has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons explained below, the petition should be construed as an application for habeas corpus relief under 28 U.S.C. § 2254 and dismissed without prejudice for failure to exhaust state remedies.

### Background

On August 4, 2012, Petitioner was convicted burglary of a building. Following his conviction, he pleaded true to two felony enhancements. The jury found the enhancement allegations true and assessed a ten-year sentence of imprisonment. Petitioner's conviction was affirmed on direct appeal, and his judgment was modified to reflect the jury's findings of "true." *See Crain v. State*, No. 05-12-01219-CR, 2014 WL 357398 (Tex. App. – Dallas, Jan. 31, 2014, pet. ref'd). Petitioner has recently filed an application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07 that is currently pending before the state trial court.

-1-

Petitioner seeks post-conviction relief on the grounds that he received ineffective assistance of counsel at trial and on appeal and that the sentencing enhancements violate the constitutional prohibition against double jeopardy. *See* Dkt. No. 3.

On March 26, 2014, the Court sent Petitioner written interrogatories to determine whether he exhausted his state remedies. *See* Dkt. No. 4. Petitioner answered the interrogatories on April 7, 2014 and has filed documents on July 16, 2014, August 19, 2014, and August 27, 2014. *See* Dkt. Nos. 5, 6, 7, 8, & 9.

**Legal Standards**

A pre-trial detainee may challenge the State's power and authority to bring him to trial and the constitutionality or lawfulness of his confinement by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). Once an individual has been convicted and is confined on authority of the criminal judgment, he may challenge the lawfulness of his conviction and sentence pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *see also, e.g., Williams v. O'Brien,* No. 4:06-cv-834-Y, 2006 WL 3871924, at *1 (N.D. Tex. Dec. 4, 2006), *rec. adopted,* 2007 WL 60487 (N.D. Tex. Jan. 5, 2007); *Branch v. Dretke,* No. 3:03-cv-2607-H, 2004 WL 1877798, at *1 (N.D. Tex. Aug. 20, 2004), *rec. adopted,* 2004 WL 1960192 (N.D. Tex. Sept. 2, 2004).

Whether or not a petitioner seeks relief under Section 2241 or Section 2254, he is required to fully exhaust available state remedies before submitting his federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Dickerson,* 816 F.2d at 225. This entails submitting the factual and legal basis of any claim to the highest available state court

-2-

C. C. RCTV

for review in a procedurally correct manner. *See Satterwhite v. Lynaugh,* 886 F.2d 90, 92-93 (5th Cir. 1989). In Texas, a prisoner must present his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter,* 793 F.2d 109, 110-11 (5th Cir. 1986). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *See id.; see also Thomas v. Collins,* 919 F.2d 333, 334 (5th Cir. 1990).

## Analysis

Petitioner's challenge to his 2012 conviction and sentence for burglary of a building should be dismissed without prejudice for failure to exhaust state remedies. When Petitioner filed this petition, his petition for discretionary review had not been reviewed by the Texas Court of Criminal Appeals, and he had not filed an application for habeas corpus relief under article 11.07. *See* Dkt. No. 5 at 3-4. His petition for discretionary review has now been refused, *see Crain v. State,* PD-0321-14 (Tex. Crim. App. July 23, 2014), but his 11.07 application is still pending before the state trial court, *see* Dkt. No. 9; *see also Ex parte Crain,* No. W-1254318-A (filed Aug. 19, 2014). Unless and until Petitioner fully exhausts his state remedies, he may not seek federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Thomas,* 919 F.2d at 334; *Dickerson,* 816 F.2d at 225.

## Recommendation

Petitioner's 28 U.S.C. § 2241 application should be construed as an application for habeas corpus relief pursuant to 28 U.S.C. § 2254. The case should be dismissed without prejudice for failure to exhaust state remedies.

*C. C. RCTZ*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUBIN CRAIN, IV,<br>　　　　Petitioner, | §<br>§<br>§ | |
| v. | §<br>§ | 3:14-CV-3711-L-BK |
| DALLAS COUNTY SHERIFF,<br>　　　　Respondents. | §<br>§<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Dallas County jail inmate proceeding *pro se*, filed a federal habeas corpus petition under 28 U.S.C. § 2254, which was automatically referred to the magistrate judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, it is recommended that the petition be dismissed for failure to exhaust state court remedies.

**I. BACKGROUND**

On August 4, 2012, Petitioner was convicted of burglary of a building and was sentenced to ten years' imprisonment. *See State v. Crain*, No. F12-54318 (Crim. Dist. Court No. 7, Dallas County 2012), *aff'd*, No. 05-12-01219-CR, 2014 WL 357398 (Tex. App. – Dallas, Jan. 31, 2014, pet. ref'd). On August 19, 2014, Petitioner filed an application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07, which is currently pending before the Texas Court of Criminal Appeals. *Ex parte Crain*, No. WR-49,450-04 (received by Texas Court of Criminal Appeals Oct. 6, 2014). In his federal petition, filed October 16, 2014, Petitioner alleges ineffective assistance of counsel at trial and on appeal. [Doc. 3 at 6-7]. He filed a prior federal petition, which was summarily dismissed for failure to exhaust state court remedies. *Crain v. Dallas County Sheriff*, No. 3:14-CV-0920-M-BN, 2014 WL 4594523 (N.D. Tex. Aug. 27, 2014), recommendation accepted, 2014 WL 4555662 (N.D. Tex. Sep. 12, 2014).

C.C, RCII

## II. ANALYSIS

A state prisoner must exhaust all available state court remedies before a federal court will consider the merits of his habeas claims. *See* 28 U.S.C. § 2254(b) and (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). Exhaustion of state court remedies "is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004) (quoting *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999)). A Texas prisoner may satisfy that requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

Petitioner has not satisfied the exhaustion requirement. A review of his petition and the state courts' docket sheets (available online) confirms that his state habeas application is presently pending before the Texas Court of Criminal Appeals. Because the Court of Criminal Appeals has not yet had an opportunity to consider Petitioner's claims of ineffective assistance of counsel, they remain unexhausted.

C. C. RCIII

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).[1]

SIGNED October 20, 2014.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is cautioned that the 1996 amendments to the habeas corpus statute impose a one-year statute of limitations for filing habeas corpus petitions in federal court, *see* 28 U.S.C. § 2244(d), and that this provision is applicable to this petition as well as to any other petition that he may file in this court. Thus, Petitioner should act diligently and expediently if he intends to seek habeas corpus relief in both state and federal court.